

**Fox&Fox**
S.C.
ATTORNEYS at LAW

**Madison**
124 W Broadway
Monona, WI 53716
p: 608.258.9588
f: 608.258.9105

**Milwaukee**
111 E Wisconsin Ave
Suite 1925
Milwaukee, WI 53202
p: 414.326.3260
f: 414.224.1411

**Chicago**
111 E Wacker Dr.
Suite 2600
Chicago, IL 60601
p: 312.526.3220

info@fox-law.com
www.fox-law.com
toll free: 800.416.5368

Writer's E-mail
mkennelly@foxquick.com

March 12, 2019

**Via Email and Regular Mail**

Attorney Ronald S. Stadler
Attorney Jonathan Sacks
Mallery & Zimmerman S.C.
731 North Jackson Street, Suite 900
Milwaukee, WI 53202-4697

*Re: Douglas Felde v. Milwaukee County et al
E. D. Wis. Case No. 18-cv-84*

Dear Counsel:

This is a follow up to defendants' responses to plaintiff's interrogatories and requests for documents dated February 22, 2019.

Regarding defendants' document production could you please identify the authors of the following handwritten and typewritten notes: D1 to D4; D6-D20; D22; D38; D48 to D55; D58 to D62 (handwritten portion); D65; D66 to D69; D70 to D71; D75 to D76; D85 to D89; D219 to D223; D224; D225 to D228; and D229.

Regarding defendant's objection that plaintiff's document request no. 2 is overbroad and unduly burdensome, plaintiff would agree to limit the request to hard copy or computer files regarding plaintiff's employment maintained by the following individuals: Chris Lukas, Ken Skowronski, Sean Moore, Teri Blue, Marcus Brown and Timothy Brown.

**Attorneys at Law**

Michael R. Fox
mfox@foxquick.com

Mary E. Kennelly
mkennelly@foxquick.com

Richard F. Rice
rrice@foxquick.com

Peter J. Fox
pfox@foxquick.com

*Also Admitted in Illinois*

**EXHIBIT**

Defendants have objected to document request nos. 4, 10, 13 and 14 on the grounds that they seek documents protected by the attorney-client, work production doctrine or other similar privileges or protections. Please promptly provide a privilege log of all such documents being withheld on these grounds as required by F.R.C.P. 26(b)(5).

Document request no. 12 asked for *all* documents and ESI, which evidence, refer or relate to plaintiff's seven-day suspension for allegedly harassing and/or threatening a female coworker as alleged in defendants' letter to the EEOC. Defendants only produced a single page Notice of Suspension. There should be other documents, for example, statements by the parties involved, notes and/or summaries of the disciplinary hearing and subsequent meetings, etc. Please produce *all* such documents and ESI.

Defendants' objections that plaintiff's document request no. 22, and interrogatory no. 2 are vague, overly broad and unduly burdensome are without merit. The document request and interrogatory are not "vague" or "overly broad" at all. They are very specific requesting the names of people from whom statements were taken regarding plaintiff's allegations of sexual harassment and the dates of the statements, as well as the statements themselves to the extent they were written or recorded. There is nothing "burdensome" at all about the document request or the interrogatory. Accordingly, plaintiff requests that defendants promptly supplement their responses and identify and produce *all* such statements.

Defendants' boilerplate objections to plaintiff's interrogatory nos. 3-6 as "overbroad, vague and unduly burdensome" are completely without merit. Plaintiff's complaint alleges a hostile work environment based on his sexual orientation and/or failure to conform to sex stereotypes covering the entire period of his employment at General Mitchell International Airport ("GMIA") from November 2004 to April 2016. Plaintiff's hostile work environment claim states a continuing violation. Thus, the interrogatories, which seek specific information covering this entire time period, are neither vague, nor overbroad. Plaintiff objects to defendants arbitrarily limiting the scope of their responses to the time period 2014 to 2016 and requests that defendants supplement their responses to cover the entire time period from November 2004 to April 2016. Plaintiff also notes that his Section 1983 claims

are subject to a six-year statute of limitations and, thus, plaintiff would be entitled to discovery for the entire six-year time period preceding the filing of his federal action on January 16, 2018, irrespective of the applicability of the continuing violation doctrine, although the doctrine also clearly applies to plaintiff's Section 1983 claims as well.

Plaintiff's interrogatory no. 12 asks the identity of all airport maintenance workers who were assigned to work at Timmerman from January 2014 to April 2016. Since relatively few employees are assigned to Timmerman each winter and summer season this request, which covers a two-year time period, could hardly be "overbroad." It is also highly relevant, since this is the time period when plaintiff was requesting a transfer to Timmerman as an accommodation for his disability and/or to escape his sexually hostile work environment at GMIA. Accordingly, plaintiff requests that defendant promptly supplement its response.

Defendants' objections to plaintiff's interrogatory no. 24 requesting information regarding shift assignments at Timmerman are also without merit for the same reasons cited, above, regarding plaintiff's interrogatory no. 22. Thus, plaintiff requests that this interrogatory be supplemented as well.

Finally, plaintiff requests that defendants provide signed and verified responses to the interrogatories.

I would like to set up a time to discuss defendants' objections, as that might be helpful in resolving some of these issues. Please let me know a good time that you would be available for a phone call. Please let me know if you have any questions.

Sincerely,

FOX & FOX, S.C.

Mary E. Kennelly