

September 3, 2019

**Via Email and Regular Mail**

Attorney Ronald S. Stadler
Attorney Jonathan Sacks
Jackson Lewis P.C.
330 E. Kilbourn Ave., Suite 560
Milwaukee, WI 53202

Re: *Douglas Felde v. Milwaukee County et al*
E. D. Wis. Case No. 18-cv-84

Dear Counsel:

I am writing regarding defendants' discovery responses, which are still incomplete despite multiple follow up requests and/or discussions. Please produce the following by this Friday, September 6, 2019 or we will file a motion to compel.

1. All documents and electronically stored information ("ESI"), which comprise Ken Skowronski and Matt Wines' investigation into Doug Felde's complaints of harassment/bullying and sexual harassment referenced in defendants' document production D214 to include without limitation the three written statements by Felde, Buckner and Dziedzic; the names of the eight employees who were interviewed by Mr. Skowronski and Mr. Wines; all notes taken of their interviews with Doug Felde; all notes taken of their interviews with other employees, and; all notes taken by Mr. Skowronski (and Mr. Wines'), which were sent to Chris Lukas and HR as alleged in Mr. Skowronski's deposition at pp. 34-35.

**Madison**
124 W Broadway
Monona, WI 53716
p: 608.258.9588
f: 608.258.9105

**Milwaukee**
111 E Wisconsin Ave
Suite 1925
Milwaukee, WI 53202
p: 414.326.3260
f: 414.224.1411

**Chicago**
111 E Wacker Dr.
Suite 2600
Chicago, IL 60601
p: 312.526.3220

info@fox-law.com
www.fox-law.com
toll free: 800.416.5368

Writer's E-mail
mkennelly@foxquick.com

Attorneys at Law

Michael R. Fox
mfox@foxquick.com

Mary E. Kennelly
mkennelly@foxquick.com

Richard F. Rice
rrice@foxquick.com
*Also Admitted in Illinois

Peter J. Fox
pfox@foxquick.com


EXHIBIT 3

2.     All of Ken Skowronski's handwritten notes, which relate to Doug Felde including without limitation his notes from December 2014, which were specifically identified in his deposition at p. 64.

3.     All documents Sean Moore reviewed in preparation for his deposition including without limitation emails exchanged by and between Sean Moore, Chris Lukas, Edgar Daleccio, and/or Terry Blue regarding the January 2012 incident with Sandy Carney, or regarding any other matters discussed during the January 2012 disciplinary hearing, as identified in Sean Moore's deposition at p. 16.

4.     All files Sean Moore maintained regarding Doug Felde, which he maintained in his office, located at 28th and Wells at the City Campus Building and, which he identified in his deposition at p. 18, to include without limitation all his notes regarding conversations with Mr. Felde and Mr. Felde's grievances.

5.     All files regarding Doug Felde's employment, which were maintained at the airport, which were referenced and/or identified by Sean Moore in his deposition at pp. 18-19.

6.     Sean Moore's notes from the disciplinary hearing held in January 2012 regarding Doug Felde and the Sandy Carney incident, which were identified in Sean Moore's deposition at pp. 27-28.

7.     The entire file regarding the Sandy Carney incident and the disciplinary hearing held in January 2012, which was identified in Sean Moore's deposition at p. 28.

8.     All files maintained by the County regarding Doug Felde's disability of bipolar disorder referenced in Sean Moore's deposition at pp. 43-46.

All of the above requested documents, and ESI, should have been retained pursuant to EEOC regulations, specifically, 29 CFR Part 1602, which require a government body such as Milwaukee County to retain all potentially relevant documents, and ESI, until final disposition of the EEOC charge including all related litigation and/or appeals. There is simply no excuse for not promptly producing all the documents, and ESI, identified above, which all clearly related to Mr. Felde's EEOC charge filed in April 2015.

I do not believe that whether the County has archived some or all these documents and/or moved to a paperless system in any way relieves the County of its record retention obligations under the EEOC regulations. In that regard I note Mr. Felde filed his EEOC charge in April 2015 and that the charge alleged a continuing hostile work environment based on sex beginning November 23, 2005, which clearly predated the documents being requested above. Indeed, the County cited the January 2012 Sandy Carney incident in its position statement to the EEOC, as well as provided *some* information regarding Ken Skowronski and Matt Wines' investigation into Mr. Felde's complaint of harassment/bullying and sexual harassment in its position statement. Thus, the County was clearly on notice of the potential relevance of *all* the documents identified, above, and, thus, should have taken steps to properly retain and produce all of them.

I've also asked several times for interrogatory responses that are signed under oath by the appropriate County official or officials as required by Fed. Rule Civ. Pro. 33(b)(5). Please comply with this requirement no later this Friday.

I also previously asked if there were any insurance policies maintained by the County that are applicable to Mr. Felde's claims, but I have not yet received a response.

I would be happy to discuss these matters further with you. However, we do intend to file a motion to compel if we do not promptly receive the requested documents and signed and notarized interrogatory responses. I believe all the requested documents are responsive to our initial interrogatories and requests for documents served in January 2019. Moreover, they have since been clearly identified and/or referenced in the depositions. Thus, they clearly should have been produced by now. Please let me know if you have any questions. Thank you.

Sincerely,

FOX & FOX, S.C.

Mary E. Kennelly