UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DOUGLAS W. FELDE,

    Plaintiff,

v.                                                        Case No. 18-cv-84

MILWAUKEE COUNTY, ET AL

    Defendants.

---

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY AND SUPPORTING DECLARATION IN OPPOSITION TO DEFENDANTS CHRISTOPHER LUKAS, KENNETH SKOWRONSKI, MARCUS BROWN AND TIMOTHY BROWN'S MOTION FOR SUMMARY JUDGMENT

---

    Plaintiff, Douglas Felde, by his attorneys Fox & Fox S.C., moves the Court pursuant to Civil L.R. 7(i) for leave to file a Surreply and Supporting Declaration in Opposition to Defendants Christopher Lukas, Kenneth Skowronski, Marcus Brown and Timothy Brown's Motion for Summary Judgment, in order to address a new argument raised for the first time in defendants' Reply Brief in Support of Motion for Summary Judgment (hereinafter "Reply Brief"). In support of his motion plaintiff alleges that:

    1.    The individual defendants argue for the first time in their Reply Brief that that plaintiff's Amended Complaint "sets forth a cause of action against the individual defendants *solely* on the basis of sex and failure to conform to gender roles for men", and *not* sexual orientation. (Reply Brief, p. 15, citing Amend. Comp. ¶ 120; emphasis added)

2. It is abundantly clear from the evidentiary record in this case, as well as the Amended Complaint itself, that plaintiff is alleging a denial of equal protection based *both* on his failure to conform to gender roles for men *and* on his sexual orientation, and that defendants' argument to the contrary is erroneous and misleading.

3. During the course of discovery in this case each individual defendant served interrogatories on plaintiff, in which they asked plaintiff about his 14th amendment equal protection claim, specifically, whether it was plaintiff's contention that each individual defendant either "harassed [him] on the basis of [his] sexual orientation" and/or "permitted coworkers to harass [him] on the basis of his . . . sexual orientation . . ." and plaintiff responded that each individual defendant either personally harassed him on the basis of his sexual orientation and/or permitted coworkers to harass him on the basis of his sexual orientation, thereby creating a hostile and abusive work environment in violation of his right to equal protection.

4. Plaintiff's interrogatory responses as described above, are set forth in Plaintiff's Answers to Interrogatory Nos. 1, 5 and 7 of Defendants Christopher Lukas, Kenneth Skowronski, Marcus Brown and Timothy Brown's Interrogatories and Requests for Documents to Plaintiff, which are attached Exhibits 1 to 4 to the Declaration of Mary Kennelly, submitted herewith.

5. Plaintiff moves the court for permission to submit his responses to defendants Interrogatory Nos. 1, 5 and 7 solely to show that defendants were fully aware that plaintiff was alleging an equal protection violation based on his sexual orientation, contrary to the misleading assertions in their Reply Brief at p. 3, fn. 2 and p. 15. Plaintiff is not seeking to add to the factual record on summary judgment.

6. Defendants' argument that plaintiff failed to allege an equal protection violation based on his sexual orientation ignores the full context of plaintiff's "Third Cause of Action" for violation of his right to equal protection, (see, Amend. Comp. ¶¶ 119-121), which incorporates *all* the preceding allegations in the Amended Complaint, which include numerous paragraphs alleging that plaintiff was bullied, harassed and subjected to a hostile work environment based on his sexual orientation. (Id. ¶¶ 20, 22, 25, 46, 64 and 91)

7. Paragraph 91 of the Amended Complaint explicitly states:

"[D]efendants Christopher Lukas, Kenneth Skowronski, Timothy Brown and Marcus Brown, were well aware of the anti-gay remarks, sexual innuendos, and hostilities directed toward plaintiff because of his sexual orientation but took no action to stop it and, instead, either participated in it or deliberately ignored it."

8. The allegations in paragraph 91 alone are enough to state a claim for relief against each of the individual defendants for violation of plaintiff's right to equal protection based on his sexual orientation.

9. It is well settled that "A complaint must narrate a plausible grievance; it need not set out a legal theory or cite authority." *See, Frank v. Walker*, 819 F.3d 384, 387-388 (7th Cir. 2016) *citing, Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073 (7th Cir. 1992) Plaintiff's Amended Complaint plainly sets forth a plausible grievance against the individual defendants for violation of his right to equal protection based on sexual orientation.

10. In arguing that plaintiff is alleging a violation of his right to equal protection based "solely on his sex and failure to conform to gender roles for men" defendants seeks to preclude plaintiff from also pursuing and/or the court from considering his wholly legitimate claim for violation of his right to equal protection based

on sexual orientation. Accordingly, plaintiff will be substantially prejudiced if he is not permitted an opportunity to rebut defendants' erroneous argument.

## CONCLUSION

Based on the reasons set forth above, and the record herein, the plaintiff, Douglas Felde, respectfully requests that the Court grant his motion to file a Surreply and Supporting Declaration in Opposition to Defendants Christopher Lukas, Kenneth Skowronski, Marcus Brown and Timothy Brown's Motion for Summary Judgment.

Respectfully submitted this 28th day of January 2020:

FOX & FOX, S.C.

S/Mary E. Kennelly

———————————————

Mary E. Kennelly
SBN # 01019036
124 West Broadway
Monona, WI 53716
Telephone: 608/258-9588
Facsimile: 608/258-9105
E-mail: mkennelly@foxquick.com